Argued and submitted October 19, reversed and remanded for a new trial
December 21, 1988

# STATE OF OREGON,
*Respondent,*

*v.*

# LOUIS ANTHONY COSTANZO,
*Appellant.*

## (87-12721; CA A47303)

766 P2d 415

Arthur P. Stangell, Oregon City, argued the cause and filed the brief for appellant.

Brenda J. Peterson, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant appeals his conviction for driving while his license was suspended. ORS 811.175. He assigns as error the trial court's granting of the state's motion to withdraw from the jury defendant's instructions on the choice of evils defense and the affirmative defense of necessity. We reverse.

On August 24, 1987, Deputy Sheriff Poppen saw defendant driving a vehicle with a broken windshield. He turned the patrol car around to stop the vehicle. Before he reached the vehicle, defendant and his companion, Terry Pascoe, switched places so that she was driving. Poppen asked for identification and learned that defendant had been driving while his license was suspended. Poppen asked Pascoe why she had not been driving, and she said that she had cramps and was sick and that they were headed to a hospital. The officer asked Pascoe if she wanted him to call an ambulance, and she refused. Defendant was later arrested.

During his jury trial, defendant offered Pascoe's testimony that she had a hormone imbalance and had been bleeding for three weeks, that she had gone to the hospital emergency room on other occasions for bleeding, that she and defendant were visiting friends and that she began to have cramps that were increasing in intensity and felt that she needed to go to the hospital. The friends whom she was visiting could not drive her, and she did not have health insurance or the funds to pay for an ambulance. She testified that she started to drive to the hospital with defendant as her passenger but that she hurt so much that she could not drive and that she asked defendant to drive. After three blocks, Poppen stopped them.[1]

Defendant submitted jury instructions both for the choice of evils defense, ORS 161.200,[2] and the affirmative

---

[1] There was also some evidence that contradicted or questioned some of Pascoe's statements. However, the court's role is not to weigh the evidence, but merely to determine if any evidence would support the defense.

[2] ORS 161.200(1) provides, in pertinent part:

"[C]onduct which would otherwise constitute an offense is justifiable and not criminal when:

"(a) That conduct is necessary as an emergency measure to avoid an imminent public or private injury; and

"(b) The threatened injury is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding the injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue."

defense of necessity. ORS 811.180(1)(a).[3] The trial court granted the prosecutor's motion to withdraw both defenses, so neither instruction was given to the jury. Before allowing the motion, the trial judge said:

> "I don't believe that the evidence presented by the defense as to the affirmative defense under the statute is sufficient, and in the same light, certainly not sufficient enough to support a choice of evils instruction * * *. [T]he only question in my mind is, is the burden, or is it sufficient to submit a case to the jury, simply by putting on some evidence, which you have done. The defense has put on some evidence that the licensed driver, the only licensed driver, was ill with cramps, and, as I recall the evidence, some bleeding * * *. Not to minimize the female cramps, but the point is that after evaluating the testimony regarding the injury, I don't find the injury to be serious enough to raise in any defendant's mind the urgency required to violate the law and thereby being entitled to that defense * * *. I'm finding that as a matter of law there is not enough evidence to submit that instruction to the jury."

The Supreme Court recently set the standard for submitting the affirmative defense of necessity to the jury in *State v. Brown,* 306 Or 599, 602-04, 761 P2d 1300 (1988). The court first described the standard for prosecutors and plaintiffs to submit theories to the jury:

> "[T]he jury's role as the factfinder would dictate that it should be permitted to consider any theory for which the record contains some evidence, if there is a conflicting theory, or if the evidence itself is in conflict. That is because it is the jury's task to weigh evidence, judge the credibility of witnesses and the reliability of their testimony, and to resolve conflicts in the evidence." 306 Or at 604.

The court concluded that an affirmative defense "may be withdrawn from the jury's consideration only if there is no evidence in the record to support an element of the defense." 306 Or at 605. We used the same standard for the choice of

---

[3] ORS 811.180 provides, in pertinent part:

"(1) In addition to other defenses provided by law, including but not limited to ORS 161.200, it is an affirmative defense to the offenses described in ORS 811.175 * * * that:

"(a) An injury or immediate threat of injury to a human being or animal, and the urgency of the circumstances made it necessary for the defendant to drive a motor vehicle at the time and place in question[.]"

evils defense in *State v. Matthews,* 30 Or App 1133, 569 P2d 662 (1977), where the defendant wanted to use the choice of evils defense against a charge of attempting to elude. We held that, "if there is any evidence from which the jury could infer justification under the statute, the issue should be submitted to them [*sic*]." 30 Or App at 1136. The evidence must be such as to permit the jury to infer that defendant reasonably believed that each element of the defense existed. *State v. Brown, supra,* 306 Or at 606.

■　Because the court took the defenses from the jury, we evaluate the evidence in the light most favorable to the party seeking the instruction. *State v. Brown, supra,* 306 Or at 606. Under the choice of evils defense, ORS 161.200, a defendant's evidence must meet three tests:

> "(1)　[W]hether his conduct was necessary to avoid a threatened injury; (2) whether the threatened injury was imminent; and (3) whether it was reasonable for defendant to believe that the need to avoid that injury was greater than the need to avoid the injury which the [charging] statute seeks to prevent." *State v. Matthews, supra,* 30 Or App at 1136.

The jury could have believed that Pascoe told defendant that she needed to go to the hospital and that, while on her way, she became physically unable to drive. From that, it could have inferred that defendant reasonably believed that Pascoe's medical situation threatened imminent injury and that there was no alternative but for defendant to drive her to the hospital. It also could have believed that defendant would not have driven unless he believed that getting Pascoe to the hospital was more important than his not driving while suspended. Defendant presented evidence to support the choice of evils defense, and the instruction should have been given.

■　The elements of the necessity defense include "(1) an injury or immediate threat of injury to a human being or animal, and (2) that the urgency of the circumstances made it necessary for the defendant to drive a motor vehicle at the time and place in question." *State v. Haley,* 64 Or App 209, 212-13, 667 P2d 560 (1983). We have already discussed the immediate threat of injury. Pascoe's sudden onset of disabling pain *en route* to the hospital and lack of another available driver could have reasonably been seen by defendant as creating an urgent need for him to drive. *See State v. Haley, supra,*

64 Or App at 216. The evidence justified submission of both the affirmative defense of necessity and the choice of evils defense.

Reversed and remanded for a new trial.